## In Equity.

### GEORGE F. HALEY *vs.* FRANCIS PALMER et als.

### York.    Opinion November 9, 1910.

*Wills.  Estates Created.  Equitable Fee Simple.    Trusts.  Liability for Debts of Cestui Que Trust.  Equitable Trustee Process.  Revised Statutes, chapter 79, section 6, par. IX.*

A will bequeathed and devised the residue of the testatrix's estate to such of her children as might outlive her, share and share alike, but provided that the portion which would fall to her son C. should be held in trust for him by her son F., to be used for his comfort and necessities according to the discretion of such son. *Held*, that the testatrix's children other than C., surviving her, received their shares absolutely in fee simple, and C. received his share in equitable fee simple in trust, the legal estate passing to the trustee F., the beneficiary interest to the cestui que trust, and the trust terminating at the death of C., the remaining portion of the trust estate passing by his will or descending to his heirs.

An equitable fee simple estate in trust is liable for the debts of the cestui que trust, and the trustee may be charged as equitable trustee by equitable trustee process to reach and apply the trust funds in his hands in payment of the cestui que trust's debts, under the statute authorizing such process to reach and apply in payment of a debt any property or interests, legal or equitable, of a debtor which cannot become apt to be attached on writ, or taken on execution in suit at law.

In equity.    On appeal by defendants.    Decree affirmed.

Bill in equity brought by the plaintiff against "Francis Palmer of Trenton in Mercer County, State of New Jersey, Chase Palmer of Washington District of Columbia, and Chase Eastman of Portland in the County of Cumberland and State of Maine as executors of the last will and testament of Elizabeth C. Palmer, late of Kennebunkport, in said County of York, deceased, and said Francis Palmer as trustee under the last will and testament of said Elizabeth C. Palmer, and Clinton C. Palmer of Portland in the County of Multnomah and State of Oregon," praying that it "be ordered and decreed that the plaintiff has a lien on the share of the defendant Clinton C. Palmer, in the residuary of the said estate of said Elizabeth C. Palmer, deceased, for the full amount due" on two promissory notes given to the plaintiff by the said Clinton C. Palmer, and "that it be further ordered and decreed that out of the assets of said estate and particularly out of the property set apart by the executors of the will of said deceased as a portion of the residuary of said estate for the benefit of said defendant Clinton C. Palmer said defendants executors of said will and said defendant Francis Palmer as trustee thereunder pay to the plaintiff the full amount of said lien." The defendants, except said Clinton C. Palmer, filed an answer with a demurrer therein inserted. The said Clinton C. Palmer filed a cross bill, but afterwards consented that the plaintiff's bill be taken pro confesso as to himself with decree thereon in plaintiff's favor. A hearing was had and the presiding Justice sustained the plaintiff's bill and decreed that the plaintiff "has a lien on the share of the defendant Clinton C. Palmer, in the hands of defendant Francis Palmer, trustee" under the aforesaid will, and ordered payment of the plaintiff's debt from the funds in the hands of the trustee.

The defendants, Francis Palmer, Chase Palmer and Chase Eastman, executors, and Francis Palmer, trustee, then filed an appeal.

The case is stated in the opinion.

NOTE. See *Holcomb* v. *Palmer*, 106 Maine, 17.

*Geo. F. & Leroy Haley*, for plaintiff.

*James O. Bradbury, Chase Eastman, and Clinton C. Palmer*, for defendants.

SITTING:   EMERY, C. J., SAVAGE, PEABODY, SPEAR, KING, JJ.

SPEAR, J.   This.is a bill in equity in which the plaintiff seeks to charge the defendant, Francis Palmer, trustee under the will of Elizabeth C. Palmer as equitable trustee of the defendant, Clinton C. Palmer, for funds in the hands of Francis, which the plaintiff contends are attachable in equity for the payment of the debts of Clinton C.   The sitting Justice sustained the bill and ordered the payment of the plaintiff's debt from the funds in the hands of the trustee.   From this decree the case comes here on appeal.   The facts pertinent to the issue upon which the case turns are as follows: In 1907 Elizabeth C. Palmer, mother of Francis and Clinton C., died testate.   No controversy arises with reference to preliminary questions relating to the probate of the will, and the appointment and qualification of the executors and trustees.   The plaintiff in December 1908, loaned the defendant, Clinton C. Palmer, the sum of $500.00, and, as evidence of the debt, took the defendant's promissory note for the amount of the loan.   In March, 1909, he loaned him the further sum of $500.00, for which he also received his promissory note.   To secure the payment of these notes Clinton C. Palmer for a legal consideration executed and delivered to the plaintiff an assignment in writing "whereby he conveyed all his right, title and interest in and to the estate of said Elizabeth C. Palmer."   Demand for payment of the amount due was duly made by the plaintiff upon the executors and trustee.   The bill and answer raise many other questions of fact but they are not pertinent to the determination of the legal question here involved.   The case turns upon the construction placed upon the following clause of Mrs. Palmer's will, namely:   "I give, bequeath and devise, all the rest and remainder of my estate to such of my children as may outlive me, share and share alike, but I will that the portion which would fall to my son Clinton C. Palmer shall be held in trust for him by my son Francis to be used for his comfort and necessities according to the discretion of said son."   No other clause is found in the will which shows any purpose on the part of the testatrix to make any gift or devise over, but as was said in *Holcomb* v. *Palmer*

*et al.*, 106 Maine, 17.— "The whole estate passes out of her absolutely, as to the four-fifths, in trust, as to the one-fifth. In every instance it passes from the mother completely and vests in the devisees or legatees completely. Her heirs can have no more interest in the one than in the other. She did not die intestate as to the one-fifth any more than as to the four-fifths."

But this clause has already been construed with reference to the quality of estate vested in Clinton C. in *Holcomb* v. *Palmer et al.*, supra. The court say : "The fair and true construction of this residuary clause, therefore, is that four of the children received their shares absolutely or in fee simple and Clinton C. Palmer received his share in equitable fee simple in trust, the legal estate passing to the trustee, Francis, the beneficiary interest to the cestui que trust, Clinton, and the trust terminating at the death of Clinton, when any portion of the trust estate left would pass by his will if he died testate, or descend to his heirs if he died intestate. This was the evident purpose of the testatrix. Her intention to dispose of her whole estate is manifest." The court further say : "The distinction between this case and that of an absolute devise with an attempted gift over, and the construction placed upon this clause as conveying an equitable fee simple, are in line with the decided cases." *Fay* v. *Phipps*, 10 Metc. 341 ; *Chauncey* v. *Francis*, 181 Mass. 513, 63 N. E. 913. It being specifically established that the estate, vested in Clinton C. Palmer by the will of his mother, was an equitable fee simple in trust, the vital question in the case then arises :— Can his interest in the estate be attached in equity ? Upon this question it is laid down in Pomeroy's Equity, section 989, as an elementary principle in such cases, "that the interest of the cestui qui trust is alienable ; if real estate, it may be conveyed by ordinary deed, if personal, it may be assigned. . . . It is also liable to the debts of the beneficiary." See also *Sawyer* v. *Skowhegan*, 57 Maine, 500 ; *Warren* v. *Ireland*, 29 Maine, 62 ; *Buck* v. *Paine*, 75 Maine, 582.

*Chauncey* v. *Salisbury et als.*, 181 Mass. 516, is a case in which the testatrix made the following bequest : "The sum I bequeath to William Salisbury, and the sum I bequeath to Sam Salisbury, I

wish to put in trust to Elihu Chauncey and they should have the income only." In construing this clause the court held that the bequests were absolute gifts, it being the declared purpose of the testatrix to dispose of her whole property, and that "such an estate both as to income and principal could be reached by creditors, and this the testatrix must be presumed to have known." This case is cited in *Holcomb* v. *Palmer* "as strikingly like the case at bar." *Holcomb* v. *Palmer* declared the trust bequest to create an equitable fee simple estate. The other cases establish the principle, that liability for debts, is an attribute of such an estate.

Our conclusion is that an application of the foregoing rules of law to the facts in the case at bar fully sustain the decree of the sitting Justice. In determining the right of the plaintiff we have ignored the effect of the assignment purporting to operate as security for the debt. Whether the assignment under the facts and circumstances of the case could be regarded as an alienation of the trust fund or not, is immaterial to the real issue involved. The plaintiff's bill is not brought for the purpose of enforcing the assignment, but to impress upon the funds in the hands of the trustee an equitable liability for the payment of the debt of Clinton C. Palmer who admits his liability.

The bill brings the case clearly within the provision of the statute, R. S., chapter 79, section 6, paragraph IX, authorizing what is generally termed an equitable trustee process, for the purpose of reaching and applying "in payment of a debt any property, right, title or interest, legal or equitable, of a debtor or debtors, which cannot become at to be attached on writ, or taken on execution in a suit at law." The prayer of the bill "that it may be ordered and decreed that the plaintiff has a lien on the share of the defendant, Clinton C. Palmer, in the residuary of the said estate of said Elizabeth C. Palmer, deceased, for the full amount due on said two notes," is in accord with the purpose and provision of the statute. The conclusion of the court in *Holcomb* v. *Palmer*, supra, that the property in the hands of the executors could not be held in an action at law in the form of trustee process can in no sense be regarded as res judicata of the question now presented.

The only matter remaining to be noticed is the contention on the part of the defendants that the trust in question was created and intended to operate as a spendthrift trust. The doctrine of such a trust was established in *Roberts* v. *Stevens*, 84 Maine, 325, but upon a state of facts entirely different from those in the case before us. In that case the doctrine was applied to an equitable life estate, the income of which was destined to go to one person and the corpus to another. Alienation and liability for debts are not and cannot be made attributes of the corpus of life estates. But, as already seen, a different rule applies to equitable fee simple estates in trust. Besides in the Roberts case the court found that by the terms of the will the trust fund was made inalienable and put beyond the reach of creditors.

*Decree affirmed without costs to either party.*