CALEB T. SYMMES & others *vs.* JOSEPH H. MOULTON & others.

Suffolk.    March 27. — May 9, 1876.    COLT & LORD, JJ., absent.

A testator devised all his estate to his children, naming them, " in equal proportions, to them and their heirs : Provided, however, that those of my children who have no lawful issue shall hold to her or their use and benefit the portion of my real estate which may be received by the provisions of this will, during the life of such child having no lawful issue; and at the decease of such child such portion of the real estate shall be divided among my grandchildren, in equal proportions, to those who may then be living." Three of the children had issue ; two others were childless.    Upon a petition for a decree of sale of the real estate under the St. of 1868, *c.* 287, *Held,* that the children without issue did not take an estate tail, but took either a life estate or a qualified fee, with contingent remainders or executory devises over to the grandchildren; that a good title in fee could not be made; and that a sale should be decreed.

PETITION under the St. of 1868, *c.* 287, for a decree for a sale of land on the ground that it was incumbered by contingent remainders or executory devises.    Hearing before *Gray*, C. J., who reserved the question of law arising on the petition for the consideration of the full court.    The facts appear in the opinion.

*W. S. B. Hopkins,* for the petitioners.

*A. E. Jones,* for the respondents.

MORTON, J.    The only question presented by this report is, whether the estate devised by the will of Caleb Symmes is incumbered by any contingent remainder or executory devise, so that a good title in fee simple cannot now be made to it.    The will devises the estate to the wife of the testator during her life, and after her decease to his five children " in equal proportions, to them and their heirs : Provided, however, that those of my children who have no lawful issue shall hold to her or their use and benefit the portion of my real estate which may be received by the provisions of this will, during the life of such child having having no lawful issue ; and at the decease of such child such portion of the real estate shall be divided among my grandchildren, in equal proportions, to those who may be then living."

The wife of the testator survived him, but is now dead.    Two of the children of the testator have never had issue ; the other three have children now living.

The first clause, devising the estate "to my children in equal proportions, to them and their heirs," is in apt words to create a fee. But the effect of the proviso is to cut down the fee, in the case of the children who have no lawful issue, either to a life estate, or to a qualified fee determinable in the event of their dying without leaving issue.

It was not the intention of the testator that each of his children should take an estate tail with the power of alienation. There is nothing in the will which leads to the implication that he intended that the issue of his children should take in succession ; and, in the case of a child who has no issue, the limitation over is upon a definite failure of issue at his death, the provision being that "at the decease of such child such portion of the real estate shall be divided among my grandchildren, in equal proportions, to those who may be then living."

We are inclined to the opinion that the intention of the testator was that each child should take a qualified fee, determinable in the event of his dying without leaving issue surviving him. But however this may be, it is clear that the two children who have no issue do not take an absolute fee or an estate tail. They take either a life estate or a qualified fee, with contingent remainders or executory devises over to the grandchildren who may be living at the time of their death without surviving issue. It follows that a good title in fee cannot now be made to the estate, and that a case is presented in which, under the St. of 1868, c. 287, the court has jurisdiction to decree a sale.

*Petition granted.*