WILLIAM S. HALL & another, administrators *de bonis non, vs.* C. PHILIP BEEBE & others.

Middlesex.    January 26, 1916. — March 3, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Devise and Legacy. Trust. Tax,* On legacies and successions.

A testator by the residuary clause of his will created a trust, in regard to which he made the following provision: "I desire that this Trust terminate ten years after the decease of my wife E, and the original Trust Fund be divided equally between my two children E and W. . . . If either of my children die without issue, before the termination of this Trust, I wish one-half part of the income he or she would receive if living be given to the surviving child, & the other half part to such Charitable and Educational purposes as my Trustees shall see fit. If both children die without surviving issue then I wish the whole income to be given to Charitable and educational purposes as before mentioned and at the termination of this Trust if both children shall have died without issue surviving I wish the property to be given to such Charitable and educational purposes as the Trustees think best, unless either child shall have left a wife or husband, then I desire the Trustees to give to such wife or husband such proportion of the income or original fund as they think would be given by me if I were then alive." Upon the termination of the trust, ten years after the death of the testator's widow, the administrator of the estate of the testator's daughter, E, who died intestate six years after the death of her mother, leaving a husband and two children, brought a bill for instructions. The husband and

one of the surviving children of the plaintiff's intestate had died before. the termination of the trust, and when the bill was filed a surviving son of the intestate was her only heir at law. The plaintiff asked to be instructed whether his intestate had an estate in the principal of the trust fund at the time of the termination of the trust which passed to her son and was subject to a succession tax or whether her interest was divested at her death and her son took what had been her share as a legatee under the will of his grandfather, the original testator. *Held*, that the plaintiff's intestate upon her father's death took a vested estate in one half of the principal of the trust fund, which was to come to her upon the termination of the trust, subject to be divested by the happening of, certain contingencies which did not occur, and that her son upon the termination of the trust took this half of the trust fund as her heir at law and next of kin, so that under St. 1909, c. 490, Part IV, § 1, the Commonwealth was entitled to collect a succession tax upon the passing of the property.

DE COURCY, J. At the date of the execution of the will of William Appleton, December 4, 1876, his son, William Appleton, Jr., was unmarried, and his daughter, Emily Appleton Beebe, was married and had a son, Arthur Appleton Beebe, who was about four years old.

The testator, after giving to his wife the use of his house in Nahant, and of his house and stable in Boston with their contents, gave the residue of his estate to trustees. By the residuary clause there was given to his wife for life or until remarriage an annuity of not more than $20,000; and to his two children the yearly income above that sum after May 11, 1882, and also the widow's share of the income in the event of her death or remarriage. The portion of that clause with which we are concerned is as follows:

"I desire that this Trust terminate ten years after the decease of my wife Emily, and the original Trust Fund be divided equally· between my two children Emily and William. . . . If either of my children die without issue, before the termination. of ʼthis Trust, I wish one-half part of the income he or she would receive if living be given to the surviving child, & the other half part to such Charitable and Educational purposes as. my Trustees shall see fit. If both children die without surviving issue then I wish the whole income to be given to Charitable and educational· purposes as before mentioned and at the termination of this Trust if both children shall have died without issue surviving I wish the property to be given to such Charitable and educational purposes as the Trustees think best, unless either child shall have left a wife or husband, then I desire the Trustees to give to such wife or

husband such proportion of the income or original fund as they think would be given by me if I were then alive."

The widow of the testator died on May 29, 1905. His daughter, Emily Appleton Beebe, died on March 25, 1911, intestate, leaving surviving her husband, James Arthur Beebe, and her two children, Emily E. Beebe and C. Philip Beebe. The daughter, Emily E. Beebe, died intestate on July 21, 1913, and James Arthur Beebe died testate on November 27, 1914. The trust terminated on May 29, 1915. The petitioners, as administrators of the estate of Emily Appleton Beebe, deceased daughter of the original testator, ask the court to determine what interest, if any, the estate of their intestate had in the principal of the trust fund upon the termination of the trust.* The parties apparently have arranged a distribution of the property satisfactory to themselves, and are now interested in the question of taxation. The controlling question is whether the defendant C. Philip Beebe takes his share of the trust fund as the heir of his mother, Emily Appleton Beebe, or as a legatee under the will of his grandfather, William Appleton.

It is evident from an examination of the entire will that the dominant purpose of the testator was to provide for his family. As already indicated, the only bequest made out of the income in favor of charity and education is conditional on the death without surviving issue of one or both of his children, before the termination of the trust, and the gift of principal is conditional on the death of both children without issue surviving at the termination of the trust. In both events, the charitable and educational purposes which may benefit are left entirely to the selection of the trustees, with no suggestion to indicate any preference on the part of the testator. The reasonable explanation seems to be that the death, before the end of the trust period, of his son, who was only twenty-eight years old, and of his daughter and grandson, and any future issue, was not contemplated as likely to occur, and that he was only providing for events which were possible but not probable, and which in fact never happened.

Having in mind almost exclusively the interests of his family, the testator expressly provided that on the termination of the

---

* The case was reserved by *Pierce*, J., upon the pleadings and agreed facts for determination by the full court.

trust, ten years after the decease of his wife, "the original Trust Fund shall be divided equally between my two children Emily and William." This gave to the daughter Emily E. Beebe an absolute vested one half interest in the trust property, unless it was cut down by the subsequent language in the will. As already stated, the contingencies which might have divested the absolute gift made to her never in fact happened, and it has been held that similar language divests an absolute gift already made only upon the happening of the express contingency. When the contingency mentioned becomes impossible the absolute estate remains. *Richardson* v. *Noyes,* 2 Mass. 56. *Brightman* v. *Brightman,* 100 Mass. 238. *Symmes* v. *Moulton,* 120 Mass. 343. *Hooper* v. *Bradbury,* 133 Mass. 303. *Gilkie* v. *Marsh,* 186 Mass. 336, 340. See *Clarke* v. *Fay,* 205 Mass. 228, 235.

There are significant omissions in the will which enforce the view that the testator intended to give to his daughter a vested interest that was absolute. After he had disposed of all the income and principal of the trust fund in the event of his children living beyond the trust period, he proceeded to make express provision for the contingency of the death of one or both children before the termination of the trust. If either of them should die without issue, one half of his or her share of the income was to go to the survivor, and the rest to charitable and educational purposes. But he did not undertake to say what disposition should be made of the principal of such deceased child's share. What is still more significant, he made no provision as to either the principal or income in the event of the death of one of his children, leaving issue. Yet he must have contemplated the possibility of what did happen in fact, the death of his daughter Emily and the survival of her children. It seems to us that the reasonable inference from these omissions is that he intended to have these children take as the legatees or distributees of their mother, to whom he had left one half of the principal of his property.

The contention of the defendant C. Philip Beebe that one half of the entire principal of the trust estate comes to him directly as a legatee under his grandfather's will is based upon a series of gifts by implication. This would require us to read into the will a divesting of the vested interest of Mrs. Beebe upon her death in 1911 and an implied gift to her two children Emily E. and C.

Philip, a divesting of the interest of Emily E. on her decease in 1913 and an implied gift to her brother C. Philip, subject to be divested in the event of his death without issue before the termination of the trust. Any such gifts by implication must find support in the language used in the will, and are not to be supplied by the court unless it is clear from the will as a whole that the testator must necessarily have intended an interest to be given which is not bequeathed by express words. *Metcalf* v. *Framingham Parish,* 128 Mass. 370. *Jones* v. *Gane,* 205 Mass. 37, 44.

In our opinion, the more reasonable interpretation of the will is that Emily Appleton Beebe was given a vested interest in fee in one half of the principal of the trust fund with its accumulations, subject to be divested only upon the happening of certain contingencies in the nature of conditions subsequent, namely, the death of both herself and her brother without leaving issue surviving at the termination of the trust. As this event has not occurred, the executory devise over never became effective. Accordingly at the termination of the trust the interest of Mrs. Beebe passed to her heirs at law and next of kin; and the Commonwealth is entitled to collect a tax on all interests in the fund which passed upon her death. St. 1909, c. 490, Part IV, § 1. The plaintiffs are so instructed, and in accordance with the agreement of the parties the tax is to be paid from the trust funds in the hands of the defendant trustees.

*Decree accordingly.*

*W. H. Garland,* for the defendant C. Philip Beebe.

*W. H. Hitchcock,* Assistant Attorney General, for the Treasurer and Receiver General.

*F. C. Welch,* for himself and his co-trustees under certain deeds of October 20 and 26, 1915.