SAMUEL T. WORCESTER & another, executors, *vs.* CHARLES F WORCESTER & others.

A testator gave his homestead to his wife for life, "upon her decease to be disposed of as the residue of my real estate," and gave her also an annuity "to be paid out of my estate," and after other legacies and annuities gave the residue of his estate to his " nephews and nieces, the children of my brothers A., B., C., D., E., F., G. and H., who may survive me, to be divided equally among them," and directed his real estate to be sold as soon as might be advisable for the purpose of making such distribution.   D. had never had children.   The testator also directed that if any nephew or niece who should not survive him more than one year should leave issue, such issue should receive the legacy bequeathed to the parent.   *Held,* that a son of the testator's brother A., born more than a year after the testator's death, although in the lifetime of the testator's wife and of another annuitant, was not entitled to share in the residue.

BILL IN EQUITY by Samuel T. Worcester and Frederic A. Worcester, executors of Joseph E. Worcester's will, praying for instructions as to the distribution of his estate.   The case was

heard on the bill and answers, by *Foster*, J., and reserved for the determination of the full court on a report of which the following is the substance.

Joseph E. Worcester died October 27, 1865, leaving a will, dated December 24, 1862, the material parts of which were as follows :

" I give and devise to my beloved wife Amy Elizabeth, in lieu of dower and such portion of my personal estate as she would otherwise be entitled to under the law of Massachusetts, my dwelling-house and barn and house lot, with appurtenances, to be held by her, for her separate use and benefit during her natural life, and, upon her decease, to be disposed of as the residue of my real estate; and also the sum of one thousand dollars to be paid out of my estate on the first day of January of each year during her natural life.

" I have already given to most of my nephews and nieces copies of a number of the books which I have prepared for the press, and it is my wish that each of my nephews and nieces should be furnished with a complete set of such of these books as are not out of print or such as may be easily obtained; and it is my will that my executors should supply to my nephews and nieces any deficiency that may be found to exist, with respect to such of my books as are still in use, but not including such as are out of print.

" To my sister Lydia Taylor, I give the sum of one hundred and fifty dollars to be paid to her annually, during her natural life, on the first day of January of each year.

" To each of my brothers and remaining sisters, who may survive me, viz: Sarah French, Deborah Loomis, Leonard Worcester, Taylor G. Worcester, John N. Worcester, Samuel T Worcester, Frederic A. Worcester and David Worcester, I give the sum of one hundred dollars.

" To my nephew Samuel W. Fuller, I give the sum of fifty dollars.

" To my cousin Sally Worcester, of Brighton, I give the sum of fifty dollars to be paid annually on the first day of January of each year during her natural life.

" To the American Bible Society, formed in the city of New York in 1816, and to the American Peace Society, incorporated by the legislature of Massachusetts, I give and bequeath, yet not to take effect till after the decease of my wife Amy Elizabeth, the copyright of my Quarto Dictionary of the English Language, the annual income of the same to be equally divided between said societies, subject nevertheless to any incumbrances, charges or contracts that may exist, at the time of my decease, in respect to said copyright.

" To my nephews and nieces, the children of my brothers Leonard Worcester, Taylor G. Worcester, Henry A. Worcester, John N. Worcester, Samuel T. Worcester, Frederic A. Worcester and David Worcester, and of my sister Lydia Taylor, who may survive me, I give and bequeath the residue of my estate, both real and personal, to be divided equally among them, and it is my will that my real estate be sold as soon as may be advisable for the purpose of making such distribution.

" *Note* 1. If any nephew or niece, who should not survive me more than one year, should leave children or issue, it is my will that such issue should receive the legacy bequeathed to the parent.

" *Note* 2. With regard to my esteemed nephew Samuel W. Fuller, the reason that he is not placed on the same footing with my other nephews is not for any want of affection for him, but from the fact that he is supposed to be in less need than the others.

" *Note* 3. Any money or other property which I have heretofore given or lent to any legatee, mentioned or included in this instrument, is not to be paid or accounted for to my executors.

" I hereby nominate my brothers, Samuel T. Worcester and Frederic A. Worcester, executors to this will and testament, and I hereby give to my said executors, and should not both of them qualify as such, then to the one of them who shall accept the trust, full authority and power to sell, dispose of and convey any and all parts of my real estate at discretion, and in the best manner to carry into effect the provisions of this will, and the equitable and proper settlement and distribution of the proceeds of the same, according to the terms thereof."

The testator's sister, Lydia Taylor, died one month before him; his wife, and his cousin Sally Worcester, were still alive at the time of the hearing.

At the testator's death his brothers, Leonard, Taylor G., John N., Henry A., Frederic A. and David, and his sister, Lydia Taylor, had twenty-nine children. These were all the nephews and nieces that the testator had at his death, except Samuel W. Fuller, who was the son of a deceased sister. The testator's brother, Samuel T. Worcester, never had had any children, and the testator, at the date of his will and at the time of his death, had no other brothers or sisters except two sisters, both childless widows.

On August 19, 1867, more than one year after the death of the testator, but before any payment had been made to the residuary legatees, or any real estate had been sold under the provisions of the will, another son, Joseph E. Worcester, was born to the testator's brother, Frederic A. Worcester. The question submitted to the court was, whether this nephew, Joseph E. Worcester, was entitled to share in the residue of the testator's estate.

*T. H. Sweetser*, for the nephew Joseph E. Worcester. 1. Where the residue of an estate, real or personal, is given to the children of any person or persons, collectively, as a class, without any limitation over on failure of issue of such person or persons, or some other clear indication of a contrary intent, all the children of such person or persons who are born at the period when the will calls for a distribution of the residue, and when the amount of a share must be ascertained, are admitted to a participation in the bequest. 2 Fearne Rem. (10th ed.) 90. 2 Jarman on Wills, (Am. ed.) 74, 78. *Denny* v. *Allen*, 1 Pick. 147. *Winslow* v. *Goodwin*, 7 Met. 363. *Annable* v. *Patch*, 3 Pick. 360. *Weston* v. *Foster*, ⁿ Met. 297 *Ballard* v. *Ballard*, 18 Pick. 41. *Wight* v. *Shaw*, 5 Cush. 56. *Hubbard* v. *Lloyd*, 6 Cush. 522. *Fosdick* v. *Fosdick*, 6 Allen, 41. *Barrington* v. *Tristam*, 6 Ves. 345. *Clarke* v. *Clarke*, 8 Sim. 59. *Hughes* v. *Hughes*, 14 Ves. 256. The will does not call for a distribution of the residuary estate, nor can the amount of the share of a residuary legatee

be ascertained till the death of the widow, who still lives.   Annual legacies are to be paid " out of the estate " to the testator's widow, sister and cousin, during their lives.   The use and improvement of the homestead are given to the widow during her life, and " upon her decease " the executors are to sell and divide the proceeds.   After these and other legacies are paid, the residue is given to the nephews and nieces.

2.  The nephew Joseph E. Worcester was born before the will called for a distribution of the residue, and before the amount of a share could be ascertained, and is entitled to a share in the residue unless excluded by the words in the residuary clause " who may survive me ; " but these words do not exclude him. By substituting one of the definitions of the word " survive," given by the testator in his dictionary, namely, " to live after," instead of the word itself, the residuary clause will read, " to my nephews and nieces, children," &c., " who may live after me," and every part of the will will be reconciled.   Samuel W. Fuller will then stand alone, as was intended.   The children of the testator's brother Samuel, should he have any, will share in the bequest, as was intended.   Every nephew and niece he had, or might have, at his death, is provided for, except those who should die within a year after his death, and the children of those who might have so died would have taken their place.

*B. Dean*, (*J. A. Sawyer* with him,) for others of the nephews and nieces.

Wells, J.   When a testamentary gift is made to take effect in possession immediately, the objects for whom it was intended, under a general description, are to be ascertained in reference to the time of the death of the testator.   But when it is postponed beyond the time of his death, then those who come within the description, before the period or event upon which the gift is to take effect, or the distribution is to be made, will ordinarily be included as within the probable intention of the testator.

But the rule is subject to modifications in both aspects.   It is the office of construction to give effect, as nearly as practicable, to the intentions of the testator, gathered from the character of the provisions he has made, and the terms he has used to express his purposes.

There is no controversy in this case in regard to the general rule, above stated.   The counsel for the after-born child of Frederic A. Worcester invokes the rule in his favor, contending that the will of Joseph E. Worcester does postpone the taking effect of this residuary bequest, at least for the purposes of distribution; first, by charging his estate with the payment of annuities; second, by the devise of part of his real estate to his wife for her life.

1.  But the right to a residuary bequest, and to have distribution, is not postponed by the charge of annuities upon the estate. Provision may be made for the security and payment of such annuities, as well as of other pecuniary legacies and debts, leaving the residue, in interest, to be distributed.   The necessary delay required to accomplish this, or unnecessary delay, will not operate to postpone the right, so as to let in those, who happen to come into existence meanwhile, to claim a share in the gift. 2 Jarman on Wills, (Am. ed.) 77.

2.  This is not a residuary devise, nor a devise of the remainder after the life estate of the widow.   The gift is indeed of " the residue of my estate, both real and personal;" but it is to take effect, and to be divided, as a pecuniary legacy; and the real estate is directed to be sold " as soon as may be advisable for the purpose of making such distribution."   Under this bequest, the whole real estate might be sold at once, including the remainder after the life estate of the widow, and the proceeds applied to the residuary legacies.   The provision that this remainder is, " upon her decease, to be disposed of as the residue of my real estate," relates to the mode and order of disposal, rather than to the time when it shall be made.   It is to follow, and not to control, the disposition of the other estate.

We do not find, in any part of the will, any indication that the testator contemplated that the ultimate vesting and distribution of these legacies would be postponed to a later period than one year after his decease.   There is a strong implication against such a supposition, in the particularity with which he provides for the case of a nephew or niece who should not survive him more than one year.   The effect of that clause in case

of a nephew or niece born within the year we need not consider. In this connection, the qualification, " who may survive me," seems to us to have much force. The testator must have had in his mind only those who should be living at his decease; and his directions are adapted to the distribution of his estate at the end of the usual period of one year from that event. This, we think, is conclusive upon the question.

The mention of Samuel T., who had no children, among those whose children were to share in the residue, is not sufficient to overcome the considerations which show a purpose of immediate distribution. Other reasons for it may be readily suggested. There was still a possibility of children before the decease of the testator; and it might also have been from an unwillingness to omit his name from among the brothers who thus, through their families, received recognition in the will.

As already suggested, the birth of the claimant, before the distribution actually takes place, does not entitle him to share therein. The rights of the legatees are fixed according to the time when they were entitled to call for the distribution.

*Instructions accordingly.*