HELEN MEGATHLIN *vs.* GEORGE H. STEARNS, executor,
& others.

Plymouth. March 27, 1922. — July 1, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy.*

By the provisions of a will of a woman placing $1,000 in trust, "the income to be paid to my son," naming him, and giving the rest and residue of the estate to the children of the son, the son did not take an equitable fee but only the income of the trust fund during his life, and after his death the fund passed by the residue clause.

BILL IN EQUITY, filed in the Probate Court for the county of Plymouth on July 12, 1921, against the executor of and trustee under the will of Mary P. Willcott, late of Duxbury, seeking that the defendants be required to turn over to the plaintiff, as the purchaser at a sale in bankruptcy proceedings of Edward O. Willcott, a trust fund alleged to have been left in the will of the defendants' testator for the bankrupt's benefit.

Earl C. Willcott and Ruth E. Willcott, residuary legatees under the will, were admitted as parties respondent.

The suit was heard by *L. E. Chamberlain,* J., upon an agreed statement of facts. By order of the judge, a decree was entered that the defendant trustee pay to the plaintiff any income which had accrued after the adjudication of Edward O. Willcott as a bankrupt on October 30, 1919, and also pay to the plaintiff "all income which may accrue from said fund hereafter during the life of the said Edward O. Willcott, first deducting from said income the sum of $25 payable to counsel for said Stearns and the further sum of $10 for himself." The plaintiff appealed.

*C. G. Willard,* for the plaintiff.

*G. H. Potter,* for the defendants Willcott.

*M. Collingwood,* for the defendant Stearns.

BRALEY, J. The testatrix, after a specific devise of all her real estate to her husband, bequeathed to Henry B. Chandler "the sum of one thousand dollars, in trust nevertheless, the income to be paid to my son Edward O. Willcott," and left the rest and

residue "of my estate to be equally divided between my two grandchildren Earl Carlton Willcott and Ruth Elizabeth Willcott the children of the said Edward O. Willcott and Bessie P. Willcott." The record shows that Edward O. Willcott has been duly adjudged a bankrupt, and that his trustee in bankruptcy, under an order of the referee in bankruptcy, on a petition, no notice of which was given except to the bankrupt's creditors, sold at private sale for "three hundred dollars" to the plaintiff Helen Megathlin, all the right, title and interest of the bankrupt in the trust fund. She brings this bill in equity against the executor, who is alleged to have the fund in his possession, and the trustee who is the successor duly appointed of the trustee named in the will, asking that the defendants be decreed to transfer the trust fund with all accrued interest thereon.

It is contended that the bankrupt took an equitable fee. The intention of the testatrix however was that he should receive the income only during his life, and at his death the principal should fall into the residue and go to the grandchildren who are minors and as co-respondents appear by their guardian to establish and protect their rights. While giving the right to the income she did not as pointed out in *Bragg* v. *Litchfield,* 212 Mass. 148, 152, give an absolute power of disposition of the principal as in *Cummings* v. *Shaw,* 108 Mass. 159, and *Hale* v. *Marsh,* 100 Mass. 468, or an absolute gift of the income of the fund without any limitation over as in *Chase* v. *Chase,* 132 Mass. 473. We are unable to distinguish the case at bar from *Wynn* v. *Bartlett,* 167 Mass. 292, *Loomis* v. *Gorham,* 186 Mass. 444, *Stearns* v. *Stearns,* 192 Mass. 144, and *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65.

The decree of the court of probate that the plaintiff is entitled to and the trustee is to pay to her the income only which may hereafter accrue from the fund during the life of Edward O. Willcott less the amount ordered paid to counsel concerning which there is no controversy, is affirmed with costs to the defendants Earl C. Willcott and Ruth E. Willcott to be taxed by the court on the income as between solicitor and client.

*Ordered accordingly.*