BENTLEY W. WARREN, trustee, *vs.* EDITH K. MORRIS & others.

Suffolk. December 5, 1923. — February 29, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Devise and Legacy*, Division *per stirpes* or *per capita*.

A testatrix by the third clause of her will established a trust fund with the income payable to certain designated beneficiaries during their lives and, upon the death of the survivor of the beneficiaries, the fund was to be distributed " in accordance with my directions herein contained regarding the rest, residue and remainder of my estate." The residuary clause of the will was the sixth clause. By it the rest, residue and remainder of the estate was given to trustees " To divide the same, as invested at the time of my decease . . . into as many equal parts as there shall then be children of mine surviving, or deceased, having issue then surviving, and to pay, transfer and convey one of the said equal parts to each of my children . . . [naming three] if surviving, at the time of such division, and to retain and hold another of said equal parts in trust for my daughter S, during her life . . . and at her death to subdivide the said equal part into as many equal portions as she shall leave children then living, or deceased . . . and to retain and hold another of said first named parts in trust for the children of my son T" until each respectively shall reach the age of twenty-one years. At the date of the will five children of the testatrix were living and also five grandchildren, two the children of S and three the children of T.

At the death of the testatrix, all the children and grandchildren excepting T were living. At the date of the death of the survivor of the beneficiaries named in the third clause, all the children of the testator had died, the three first named without issue, and the five grandchildren, children of S and T, were living. *Held*, that

(1) The trust fund did not fall into the residue;

(2) The provisions of the will did not require either expressly or by necessary implication that the terms of the residuary clause should control the time when the fund under the third clause should be distributed;

(3) The will failed to disclose any specific intention of the testatrix that the gifts to her children should vest at any other time than at her death, and therefore the general rule applied and the gifts under the third clause vested at the time of the death of the testatrix;

(4) The trust fund was to be divided into five equal parts, one part of which was to be paid to the personal representative of the estate of each of such of the five children as had died without leaving issue, one part was to be divided among the children of S *per stirpes*, and one among the children of T *per stirpes*.

PETITION, filed in the Probate Court for the county of Suffolk on December 15, 1922, by the trustee under the will of Amelia Milton, late of Boston, for instructions.

In the Probate Court, the petition was heard by *White*, J., upon the pleadings and an agreed statement of facts. Material facts are described in the opinion. By order of the judge, a decree was entered that the fund under the provisions of the third clause of the will be divided as follows: one fifth to the estate of Amelia T. Worthington; one fifth to the estate of William F. Milton; one fifth to the estate of Richard S. Milton; one tenth to Edith K. Morris; one tenth to Amelia M. Kohlsaat; one fifteenth to Thomas S. Milton; one fifteenth to William R. Milton, and one fifteenth to Constance A. Young.

William R. Milton appealed.

*R. C. Piper*, for the petitioner, stated the case.

*C. M. Rogerson*, for the respondent William R. Milton.

*W. I. Nottage*, for the respondents Bentley W. Warren, executor, & others.

*G. P. Wardner*, for the respondent Charles E. Stratton, executor.

BRALEY, J. By the third clause, the testatrix gave to the trustees named in her will " a sum of money as principal

to be invested in such securities as they shall approve and sufficient to produce an annual income of, at least seven hundred dollars," which was to be paid annually during their lives in certain proportions to the beneficiaries therein designated if they survived her, and upon the death of Mrs. Cecilia Smith, one of the beneficiaries, the income coming to her was to be paid to her children, Amelia Smith and Cecilia Smith during their lives in equal shares. The surplus income, if any, was to be invested, and at the death of the survivor of the beneficiaries, the trustees are directed to divide and dispose of the principal sum and the accumulated income, if any, " in accordance with my directions herein contained regarding the rest, residue and remainder of my estate." The last of the beneficiaries having died, the time for distribution of the principal has come, and the present and sole trustee asks for instructions as to the persons who are to share, and the amount to which they are severally entitled. The answer depends on the construction to be given the third clause read in connection with the sixth or residuary clause, which is in these words, " I give devise and bequeath to my said trustees all the rest, residue and remainder of my property and estate both real and personal to be held by them, nevertheless, upon the following trusts, namely: — To divide the same, as invested at the time of my decease, and at the valuation to be fixed by the official appraisers into as many equal parts as there shall then be children of mine surviving, or deceased, having issue then surviving, and to pay, transfer and convey one of the said equal parts to each of my children, William F. Milton, Amelia T. Milton and Richard S. Milton, if surviving, at the time of such division, and to retain and hold another of said equal parts in trust for my daughter Sarah J. Kohlsaat, during her life, paying to her for her own use the net income thereof as it shall accrue and become payable and at her death to sub-divide the said equal part into as many equal portions as she shall leave children then living, or deceased, leaving issue then living, and still to retain and hold each of said last named portions in trust for the said children or issue paying to them as it shall accrue, the net income thereof,

"in equal shares, until they shall respectively arrive at the age of twenty one years; at which age I desire that each shall receive the principal of said last named portions respectively to his or her own use, share and share alike, the issue of any deceased child taking the parent's share, whether it be of income or of principal: and to retain and hold another of said first named parts in trust for the children of my son Thomas S. Milton, paying to them, as it shall accrue, the net income thereof in equal shares, until they shall respectively arrive at the age of twenty one years, at which age I desire that each shall receive of the said principal sum an equal share to his or her own use: in case of the decease of any of such last named children leaving issue, the said issue to take the parent's share in equal proportions, of the income until the age of twenty one years and of the principal at that age."

The fund does not fall into the residue. *Megathlin* v. *Stearns*, 242 Mass. 326.

It is contended by the only appellant, William R. Milton, son of Thomas S. Milton, and grandson of the testatrix, that her clear intention to be ascertained from the entire will, as well as from the plain meaning of the language used, is, that under the third clause, the principal of the trust shall upon the death of the last beneficiary be divided *per stirpes*, one half to be shared equally by Edith K. Morris and Amelia M. Kohlsaat, children of the testatrix's daughter Sarah J. Kohlsaat, and the remaining half by William R. Milton, his brother Thomas S. Milton, and his sister Constance A. Young. But at the date of the will five children of the testatrix, Amelia, William, Sarah, Richard, and Thomas, as well as five grandchildren, Amelia and Edith, daughters of Sarah, and Thomas, William and Constance, children of Thomas, were living, and at her death the children and grandchildren named as beneficiaries in the sixth clause, with the exception of Thomas, were living. When the last surviving beneficiary under the third clause died, the children William, Amelia and Richard, had died without issue, Sarah had died leaving issue, and the five grandchildren, each over twenty-one years of age, were living. The third clause pro-

vides that the trustees are "to divide and dispose" of the principal. It does not direct a division into a definite number of shares, and the fund accordingly is to be distributed among those who would take under the sixth clause, which requires a division "into as many equal parts as there shall then be children of mine surviving, or deceased, having issue then surviving." The direction to divide the rest, residue and remainder "as invested at the time of my decease, at the valuation to be fixed by the official appraisers" is not applicable to the remainder under the third clause, which is to be distributed after the life estates have fallen in. It is a single fund which constitutes the principal to be divided. *McElwain* v. *Attorney General*, 241 Mass. 112. And the provisions of the sixth clause plainly relate to the mode and order of disposal rather than to the time when it shall be made. The sixth clause moreover contemplated a single division of the residue under which one of the equal parts is to be held in trust for Sarah J. Kohlsaat, to be divided at her death into as many equal portions as she shall leave children then living, and if they are deceased, then the share goes to their living issue, while another equal part is to be held in trust for the children of Thomas S. Milton until they attain twenty-one years of age. It does not in terms provide for, or by necessary implication control the time when the fund under the third clause is to be distributed. *Worcester* v. *Worcester*, 101 Mass. 128. The second article also creates a trust, the income of which is to be paid to the beneficiary for thirty years if he lives so long, when he is to receive the principal. But if he dies during the period, "said principal sum is to be disposed of in accordance with my directions hereinafter contained as to the rest, residue and remainder of my estate." The general purpose of the testatrix, was, that her children, and their issue should come into possession and enjoyment of her estate upon the termination of the trusts created by the second and third clauses, and the satisfaction of the pecuniary and specific legacies found in the first, fourth, and fifth clauses.

It is well settled that unless a testator has clearly manifested a different intention, gifts to children are to be treated

as vesting at his death.  *Ball* v. *Holland,* 189 Mass. 369.
*Southard* v. *Southard,* 210 Mass. 347, 355, and cases cited.
*Whitman* v. *Huefner,* 221 Mass. 265, 267.  The will fails
to disclose any specific purpose to the contrary by the testa-
trix, and the fund is to be divided into as many parts as
there were children of the testatrix surviving at her death,
and children of the testatrix deceased at the testatrix's
death, leaving issue living at her death, the issue of deceased
children to take *per stirpes* and not *per capita.*  *Morrill* v.
*Phillips,* 142 Mass. 240.  *Rotch* v. *Loring,* 169 Mass. 190.
*O'Brien* v. *Lewis,* 208 Mass. 515.  *Linscott* v. *Trowbridge,*
224 Mass. 108, 110, 111, and cases cited.  See *Gilmore* v.
*Gilmore,* 241 Mass. 17.

The trustee therefore is to pay one fifth to the estate of
William F. Milton, one fifth to the estate of Amelia T.
Worthington, one fifth to the estate of Richard S. Milton,
one tenth to Edith K. Morris, one tenth to Amelia M.
Kohlsaat, children of Sarah J. Kohlsaat, and one fifteenth
to each of the three children of Thomas S. Milton.  The
decree of the court of probate being in accordance with this
conclusion, it is affirmed, with the allowance therein made
for expenses and service of counsel, to which may be added
such further costs taxed as between solicitor and client,
as that court in its discretion may determine.

*Ordered accordingly.*