ANELLA A. CROCKETT, administratrix, *vs.* FRANK CROCKETT & others.

Essex. December 8, 1954. — April 29, 1955.

Present: QUA, C.J., RONAN, WILKINS, & WILLIAMS, JJ.

*Devise and Legacy,* Gift for education of beneficiary, "Wish." *Words* "Wish."

Construed with the rest of a will not drawn by a skilled draftsman, a clause reading, "To all of my nieces and nephews, I wish that my Estate would provide a four year college course to any wishing to accept such," constituted a valid present legacy of funds for a four year college course to each niece or nephew who should survive the testator and accept the legacy.

PETITION for instructions, filed in the Probate Court for the county of Essex on October 7, 1953, by the admintratrix with the will annexed of the estate of Lloyd E. Crockett, late of North Andover.

The case was heard by *Costello,* J.

*Michael J. Batal,* stated the case.

*Bennett Silverblatt,* for David Crockett and others.
*Charles W. Trombly,* for John Rosander.
*Francis K. Monarski,* for Lloyd Edward Crockett.

RONAN, J. This is an appeal by certain minor nephews of Lloyd E. Crockett by their guardians from a decree of the Probate Court of Essex County entered upon a petition for instructions brought by the administratrix with the will annexed, adjudging that clause 7 of the will was not a valid legacy in any amount to any of the nieces or nephews of the testator.

The original document[1] offered for probate was addressed "To whom it may concern." Its opening paragraph stated that it was the testator's wish that the following be carried out in the event that he died before he had an opportunity to make any further testament. The first clause stated that he wished to "bequest" his North Andover building as a going business to one Bonarigo "so that it may remain as a home for the Aged, in so far as she wishes to operate said as such." The second clause was a repetition of the first clause. The third clause stated that his feelings as to the Lowell building are the same, "designating that to Miss Mary Collins under the same conditions as above." The fourth clause provided for an equal division of "all the stock in the warehouse that is necessary for" the operation of both buildings. The fifth clause stated that "I deed both of these buildings over free and clear of all encumbrances with the exception of their present operating expenses and any mortgage that may be remaining on said buildings." It was provided in the sixth clause that each supervisor (Bonarigo and Collins) shall take over full and legal ownership of the buildings and that his only request is that they continue to operate as the Crockett Memorial, but "in the event of the occurrence of unforeseen incidents, this does not make the above statement a contract. It is just a wish." The seventh clause read as follows: "To all of my nieces and nephews,

---

[1] The parties agreed upon a compromise of the will and the will as compromised was admitted to probate but the compromise effected no change in either the form or the substance of the seventh and eighth clauses.

I wish that my Estate would provide a four year college course to any wishing to accept such." The eighth clause provided that the remainder of the estate should be divided into three equal parts, to his mother, wife, and son, but with the exception that, at the death of his mother, "the residue of her Estate shall be divided among my brothers and sisters who are living at the time of her death."

This document was not drawn by a skilled draftsman, but it is our duty to ascertain the testator's intent and to give effect to it unless prohibited by some positive rule of law. *Ware* v. *Minot,* 202 Mass. 512, 516. *Sewall* v. *Elder,* 279 Mass. 473, 476–477. *Old Colony Trust Co.* v. *Stetson,* 326 Mass. 641, 644.

The legacies to the nieces and nephews were a direct and present gift to each of them. None of these gifts was preceded by any other estate and there is nothing to indicate that the care and enjoyment of the legacy by each recipient were to increase or diminish by the number of nieces or nephews who should survive him. Each who desired was to be furnished with a full four year college course. The nature of the gift was such that it could be used for the sole and exclusive benefit of the legatee for the accomplishment of a particular object which he alone could enjoy, the testator thinking of them not as a group but as individuals. Some of them may be approaching college age, and we see no reason why funds to enable them to enter college and continue their education should not be made available to them if their guardians should notify the petitioner that the minors want a college education and accept the gifts. We see nothing in the contention of the testator's minor son that, as the testator had no niece, he must have intended to include a niece who might have been born beyond the period fixed by the rule against perpetuities and so the entire legacy being too remote was properly adjudicated to be invalid. It is contended that the testator's mother might give birth to a child who in turn might become the parent of a child who would be a niece or nephew of the testator. We do not agree with this contention. In the first place, we see noth-

ing to take the case out of the general rule that estates are to vest and be distributed as soon as that can be conveniently accomplished in the absence of anything to the contrary appearing in the will. *Worcester* v. *Worcester*, 101 Mass. 128. *Howland* v. *Slade*, 155 Mass. 415, 416. *Warren* v. *Morris*, 248 Mass. 254. In the next place, the testator knew how to provide for those who should take as survivors of a certain person as shown by the eighth clause of his will. Finally, to delay payment to those nieces and nephews who should take at some period subsequent to his death would not only be inconsistent with the nature of the gifts given for the education of the recipients but would also be entirely at variance with his testamentary plan because the residue given to his mother, wife, and son could not be computed until the amount required for the payment of these gifts for educational purposes had first been settled.

The bequests to the nephews were more than mere suggestions. The word "wish" was used several times by the testator in his will and doubtlessly signified an instruction or direction as to the manner in which his estate was to be distributed. It should be noted that, when he intended to narrow the meaning of this word so as not to constitute a binding obligation upon the devisees in regard to the maintenance of the two homes for the aged, he stated that the devisees were under no contractual duty to do so but it was just a wish that they would. These bequests to the nephews were not based upon the hope and confidence imposed upon anyone to see that their purposes were carried out according to the latter's judgment or discretion. Indeed the will named no executor or trustee. There was nothing of a precatory nature contained in the seventh clause when it is construed with the rest of the will. The bequests in this clause constituted gifts to be expended for the sole benefit of the legatees. *Poor* v. *Bradbury*, 196 Mass. 207, 209–210. *Sherwin* v. *Smith*, 282 Mass. 306, 311. *Gray* v. *McCausland*, 314 Mass. 743, 749.

There is nothing in the testimony to show the value of the estate, nor how many of the nephews might elect a

college education, nor the cost of such an education, nor to whom the funds should be paid for the benefit of those who may now be ready to enter college, nor how much should be allocated and set aside or in the meantime held for those intending to enter college but too young to do so. It would seem proper that the Probate Court should fix a time within which the guardians should notify the petitioner as to whether their wards accept the gifts and fix whatever details are necessary to carry out the intent of the testator. We are unable to fix such details on this record. The petition must be remanded to the Probate Court. The decree adjudging the legacies invalid is reversed, and a decree is to be entered adjudicating that the legacies given in the seventh clause to the nephews are valid for those who accept them. Further proceedings are to be had in accordance with this opinion.

*So ordered.*