GERTRUDE M. POWERS & others vs. MARY E. RAFFERTY
& others.

Middlesex.    March 16, 1903. — July 9, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Devise*, Construction.

A testatrix having shown by other parts of her will a disposition to treat two of her daughters, M. and A., equally, gave to M. one half of certain real estate in fee, and then provided as follows: "I give, devise and bequeath to my said daughter M. the other undivided half of my said real estate, to have and to hold to her and her heirs and assigns forever, but in trust nevertheless for the use and benefit of my daughter A.; it being my desire that my said daughter A. should have the full benefit of said undivided half, but to have no power to dispose of the same by deed or otherwise." *Held*, that A. took an equitable fee in the undivided half of the real estate, which on her death became executed in her heirs by the statute of uses, so that they became seised of the legal estate as if she had died seised in fee simple.

PETITION, filed January 5, 1903, for partition of certain real estate on Thorndike Street in Cambridge, formerly owned by Sarah Banfield and disposed of by her will, being the only real estate mentioned therein.

The case was tried in the Superior Court before *Richardson*, J., without a jury. He reported it for determination by this court. If upon the facts found by the judge the petitioners were entitled to have partition made, the usual interlocutory judgment that partition be made of the shares to which the petitioners were entitled was to be entered; otherwise, the petition was to be dismissed or such other judgment entered as the law required.

The will of Sarah Banfield, omitting the introductory clause, was as follows:

"First. I hereby constitute and appoint my daughter Mary E. Rafferty of said Cambridge, sole executrix of this my last will and testament and it is my earnest desire that she be exempt from giving any surety or sureties on her official bond or bonds.

"Second. I give devise and bequeath to my said daughter Mary E. Rafferty one undivided half part of my real estate

on Thorndike Street aforesaid, to have and to hold to her and her heirs and assigns forever.

"Third. I give, devise and bequeath to my said daughter Mary E. the other undivided half of my said real estate, to have and to hold to her and her heirs and assigns forever, but in trust nevertheless for the use and benefit of my daughter Adelaide G. Powers of said Cambridge; it being my desire that my said daughter Adelaide should have the full benefit of said undivided half, but to have no power to dispose of the same by deed or otherwise, and I request that no surety or sureties be required from my said daughter Mary E. in the execution of said trust.

"Fourth. I give to my daughter Sarah J. McGrath, wife of Daniel L. McGrath of said Cambridge all my government and other bonds.

"Fifth. I give to my daughter Delia E. Egan the sum of three hundred dollars ($300) out of my deposit in the East Cambridge Five Cents Savings Bank.

"Sixth. I give to my son Thomas E. Rafferty, now of California, the sum of one dollar.

"Seventh. I give to my granddaughter Gertrude Mary Powers of said Cambridge my piano, stool and cover.

"Eighth. I give, devise and bequeath to my said daughters Mary E. and Adelaide all my household furniture and all the rest and residue of estate real, personal and mixed wherever situated of and to which I may die seized, possessed, or in any way entitled to, to have and to hold to them in equal shares.

"In witness whereof I hereunto set my hand and seal this eighth day of January, A. D. 1893."

*J. H. Ponce*, for the petitioners.

*M. F. Farrell*, for the respondent Mary E. Rafferty.

*H. Dunham*, for the other respondents.

HAMMOND, J.    This is a petition for partition of the real estate specifically named in the second and third clauses of the will of Sarah Banfield, who, being seised of the same, died in 1893, leaving as her only heirs and next of kin four daughters, Adelaide, Sarah, Delia and Mary, and one son, Thomas. Adelaide died intestate in 1898, leaving a husband, Nicholas P. Powers, who is one of the petitioners, and as her only heirs

and next of kin two children, Gertrude and John, minors, who, through a guardian, are the other petitioners.

The case calls for the construction of the third clause of the will, which reads as follows: "I give, devise and bequeath to my said daughter Mary E. the other undivided half of my said real estate, to have and to hold to her and her heirs and assigns forever, but in trust nevertheless for the use and benefit of my daughter Adelaide G. Powers of said Cambridge; it being my desire that my said daughter Adelaide should have the full benefit of said undivided half, but to have no power to dispose of the same by deed or otherwise, and I request that no surety or sureties be required from my said daughter Mary E. in the execution of said trust."

The petitioners contend that under this clause the undivided half named therein was devised to Mary in trust for the benefit of Adelaide, and that upon the death of the latter it descended to her children in equal shares, subject to the estate by the curtesy in the husband, free and discharged of the trust.

The respondent Mary, however, contends that this undivided half was devised to her in trust to hold for the benefit of Adelaide only during her life, and that upon her death the trust ceased and the remainder fell into the estate of the testatrix and became a part of the residue bequeathed in the eighth clause of the will to the said Mary and Adelaide in equal shares, so that the petitioners, who upon this view take only under this last clause, are seised of only one half of this undivided half or only one quarter of the land, while Mary, receiving one half under the second clause and one quarter under the eighth clause, is seised in fee of three undivided fourths of the land.

The other respondents, being the remaining children of the testatrix, contend that under the third clause Mary took an estate for the life of Adelaide, that the remainder was not disposed of by the will, and therefore vested in the children of the testatrix in equal shares.

The testatrix in the first clause appoints her daughter Mary sole executrix, requesting that she may be exempt from giving bonds, thereby indicating her confidence in her. In the second clause she bequeaths one half of this real estate to Mary in fee,

using the technical words apt to describe such an estate. Then comes the clause which is to be construed. The devise to Mary is in words apt to create a fee, but since it is an estate in trust the legal estate will be commensurate only with the trust. The trust is "for the use and benefit" of Adelaide. Then follows the expression of the desire that Adelaide "should have the full benefit of" this half, but should "have no power to dispose of the same by deed or otherwise." Then follow clauses making certain specific bequests to the three remaining children, and to the grandchild Gertrude, who is one of the petitioners; and the will ends with a general residuary clause in favor of Mary and Adelaide, in which they take in equal shares.

In view of the intention shown in other parts of the will to treat Mary and Adelaide equally and upon a plane different from that of the other children, of the express language of the third clause that Adelaide should have the full benefit of this half, limited only as to the power of disposal of it during her life, and of the absence of any special devise over of this half after her death, we are of opinion that it was the intention of the testatrix that this half should go to the use and benefit of Adelaide and her heirs substantially as the other half went to Mary and her heirs; and that the only reason for putting it in trust, instead of giving the legal estate to Adelaide, was that Adelaide might not have the power to convey the legal estate in her lifetime; and that therefore Adelaide took an equitable fee. See *Fay* v. *Phipps*, 10 Met. 341; *Chauncey* v. *Francis*, 181 Mass. 513; *Chauncey* v. *Salisbury*, 181 Mass. 516.

We are also of opinion that the trust continued only during the life of Adelaide, and that at its determination upon her death the equitable use in the remainder became executed in her heirs by the statute of uses, so that they became seised of the legal estate as if she had died seised in fee simple. See *Richardson* v. *Stodder*, 100 Mass. 528, and cases there cited; *Moore* v. *Stinson*, 144 Mass. 594; *Cushing* v. *Spalding*, 164 Mass. 287.

The petitioners being thus seised, the petition can be maintained, and the interlocutory judgment that partition be made should be entered.

*So ordered.*