## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

EDWARD B. HAYWARD, trustee, *vs.* WILLIAM G. ROWE, administrator, & others.

Bristol. October 23, 1905. — December 11, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy*, Construction.

A testator, whose estate was not large, left by his will $500 to his housekeeper "to be in trust of my executor and put in savings bank, the income to be paid to her yearly, and the executor can draw this money, and buy a cheap place for her to occupy during her life if he thinks it would be for her good." The will contained no residuary clause. On the death of the legatee the fund remained in the hands of the trustee unimpaired. *Held*, that the gift was absolute, subject to the trust during the lifetime of the legatee, and that on her death the legal title vested in the administrator of her estate.

BILL IN EQUITY, filed in the Probate Court for the county of Bristol on November 13, 1903, by the trustee under the will of George W. Safford, late of Easton, for instructions as to the distribution of a legacy of $500 under the second paragraph of that will, which is quoted in the opinion.

In the Probate Court *Fuller*, J. made a decree that as to the fund given by the second paragraph of the will for the benefit

of Mary J. Witherell, that beneficiary "was the sole equitable owner thereof and the title thereto now belongs to her administrator." William J. Safford, a son of the testator, appealed.

The case came on to be heard before *Braley*, J., who found, if competent and material, "that George W. Safford, the testator, at the date of the will and at his death, had on deposit in the North Easton Savings Bank a sum of money sufficient to cover all the pecuniary legacies, whether gifts absolute or in trust, and that Mary J. Witherell, now deceased, during her lifetime, never made any demand for, or claim to, the principal sum, but was paid the income therefrom by the executor, though at her death there was a small balance of accrued income due to her."

At the request of the parties the justice reserved the case upon the pleadings and the foregoing finding for determination by the full court.

*J. Everett*, for Clara A. Cooper, a daughter of the testator, and William J. Safford.

*W. G. Rowe*, administrator, *pro se.*

No counsel appeared for the trustee.

BRALEY, J. By the testator's will in clause fourteen his housekeeper is given the household goods and furniture, while by the second clause she receives a pecuniary bequest in these words, "To Mary J. Witherell, my housekeeper $500 to be in trust of my executor and put in savings bank, the income to be paid to her yearly, and the executor can draw this money, and buy a cheap place for her to occupy during her life if he thinks it would be for her good." She having died leaving the principal of the fund unimpaired, or unconverted by the trustee, we are asked to determine whether it shall be paid to her administrator, or distributed among the testator's next of kin as undevised assets of his estate, there having been no residuary clause in his will.

The will is not drawn with technical precision in the use of terms, and not much, if any, aid as to the testator's intention is to be derived from the other clauses. In the bequest to his daughter, omitting the words "to be in trust," the same form of gift is used, while the pecuniary gifts to his son and to his grandchildren add the words "in trust," but all contain a pro-

vision that the income is to be paid yearly. His estate evidently was not large, and there being no residuary clause an inference cannot safely be drawn that his intention was otherwise than to make a full testamentary disposition of his property.

It was said in *Chase* v. *Chase*, 132 Mass. 473, 474, " Ordinarily, an unqualified gift of the use, income and improvement of personal estate vests an absolute interest."

Where the income is bequeathed for life with a remainder over, the executor, if no provision is made for a trustee, holds the fund and pays the interest to the beneficiary. The intention of the testator in such a case is clear that the first taker is not to have the possession of the property, but is to receive only the income, while on the happening of a stated contingency the principal is to pass to others. *Saunderson* v. *Stearns*, 6 Mass. 37. *Dorr* v. *Wainwright*, 13 Pick. 328, 331. *Lewis* v. *Shattuck*, 173 Mass. 486.

So far as his means permitted, the testator's object was to provide a comfortable support for his housekeeper, and with abundance of caution he provided for the investment of the fund in some savings bank, or if her personal comfort would be better served then the entire sum might be used to provide her with a home. To accomplish this, instead of giving the possession to her he used the words " in trust of my executor." But the legal title conferred must be held to have been commensurate with the power to convert the fund into real property, and thus was limited to her life. *Boston Safe Deposit & Trust Co.* v. *Mixter*, 146 Mass. 100.

During her lifetime she was vested with an absolute equitable title, and although the legal title was in the trustee this did not limit or diminish her interest. Upon her death, the trust having been fully executed, the legal title followed the equitable title, and the fund became part of the assets of her estate. *Fay* v. *Phipps*, 10 Met. 341. *Chauncey* v. *Francis*, 181 Mass. 513. *Chauncey* v. *Salisbury*, 181 Mass. 516.

*Decree of the Probate Court affirmed.*