GEORGE E. WOODBURY, administrator with the will annexed, (afterwards by amendment FREDERICK G. ROBY, administrator with the will annexed,) *vs.* JOSEPH O. HAYDEN & others.

Middlesex.　December 6, 1911. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Devise and Legacy. Trust.*

The will of an unmarried woman about forty years of age, after disposing of a cemetery lot, provided as follows: "The balance of my estate both real and personal I bequeath to H. The same to be used as far as necessary for the support and maintenance of my aunt A." The value of the estate was about $6,000.

H was a county treasurer, in whose office the testatrix was employed as a typewriter and general assistant. She made her home with the aunt named and provided the funds for it. She had a father living in a distant State, with whom she was on friendly terms but who did not support her after she was ten years of age. No reason appeared why she should make H her residuary legatee. *Held*, that H was merely a trustee and took no beneficial interest, and that, upon the death of the aunt of the testatrix, whatever remained of the trust fund should be disposed of as intestate property.

BILL IN EQUITY, filed in the Probate Court for the County of Middlesex on August 3, 1909, and amended on May 15, 1911, by the administrator with the will annexed of the estate of Lennette A. Woodbury, late of Cambridge, for instructions.

The bill was filed as such administrator by George E. Woodbury, the father of the testatrix. He died on March 17, 1910, and Frederick G. Roby was appointed administrator with the will annexed in his place. On May 15, 1911, an amendment to the bill was allowed by the Probate Court substituting Frederick G. Roby as plaintiff and making the administrator of the estate of George E. Woodbury a defendant, also making Joseph O. Hayden a defendant as trustee under the will of Lennette A. Woodbury, he previously having been a defendant only personally.

In the Probate Court *McIntire,* J., made a decree that the defendant "Joseph O. Hayden took the residue of the property and estate of said deceased upon a trust, to use and apply the same as far as necessary for the support and maintenance of Almira Augusta Woodbury, during her life; that said Almira Augusta Woodbury, the beneficiary under said trust, has deceased, leaving an unexpended balance of the trust fund so created; and that such unexpended balance remaining after the termination of the life estate was not disposed of by said will but devolves, under a resulting trust, upon the heir at law and next of kin of the said testatrix."

Joseph O. Hayden individually and as trustee appealed.

The appeal came on to be heard before *Sheldon,* J., who reserved the case upon the pleadings and an agreed statement of facts for determination by the full court.

The facts are stated in the opinion. The will was as follows:

"Know all men by these presents that I, Lennette A. Woodbury of Cambridge in the County of Middlesex and Commonwealth of

Massachusetts, being of sound and disposing mind make this my last will and testament. After the payment of my just debts and funeral charges I give devise and bequeath to Maude Mary Barnes of Somerville County and State aforesaid, lot number 3019 Willow Path Cambridge Cemetery. The balance of my estate both real and personal I bequeath to Joseph O. Hayden, of Somerville County and State aforesaid. The same to be used as far as necessary for the support and maintenance of my Aunt Almira Augusta Woodbury of Cambridge County and State aforesaid

"In testimony whereof I hereunto set my hand and seal this fifth day of February A. D. 1907."

*H. P. Johnson,* for Joseph O. Hayden individually and as trustee under the will of Lennette A. Woodbury.

*A. S. Hall,* for A. M. Haines, administrator with the will annexed of the estate of George E. Woodbury.

HAMMOND, J. The sole question is whether Hayden took the residue upon a trust, or subject to a trust. If upon a trust, then he took no beneficial interest, and the purposes of the trust having been accomplished, the remainder stands as intestate property; if subject to a trust, the beneficial interest was in him subject to a legal duty to use the same so far as necessary for the support and maintenance of Mrs. Woodbury the aunt of the testatrix, and that duty having been performed he holds the remainder absolutely.

The case is before us upon the pleadings and agreed facts. The testatrix was born in Cambridge in this Commonwealth about 1865. When she was three years old her mother died and the care of her was reposed in her aunt Mrs. Woodbury, but her father and her uncle (the husband of Mrs. Woodbury) and the testatrix had a common home for some years. Her father married in 1875 and for seven years thereafter did not see or communicate with her. The wife died, however, "some twenty years ago" and ever afterwards the father and daughter were on friendly terms, he living in California and she in Cambridge. They saw each other very seldom, she visiting him however once in California. He did not support her after she was ten years old, although after the death of his second wife he at her own solicitation made her several presents.

For many years she worked in the office of Mr. Hayden, the treasurer of Middlesex County, as a typewriter and general assistant, and was much relied on for general efficiency. She had knowledge of many business affairs of Mr. Hayden, and he had known of her investments. She inherited from her mother about $5,000, and she left an estate of about $6,000. She had a home with her aunt Mrs. Woodbury, the aunt conducting the domestic affairs and she providing the funds.

At the time of making the will she was about forty years of age, in ill health and on the eve of a visit to her father in California. She expected to return soon, and her purpose in going there was not only to visit her father, but also to obtain from him about $10,000 to invest in an apartment house in Massachusetts.

On February 5, 1907, she sat down apparently unaided to make this will. She seems to have been a capable and self reliant woman. She had no blank form. It is apparent from the opening sentence as well as from the other parts of the will, that she had some knowledge of testamentary phrases. After disposing of a cemetery lot she proceeds as follows: "The balance of my estate both real and personal I bequeath to Joseph O. Hayden, of Somerville County and State aforesaid. The same to be used as far as necessary for the support and maintenance of my Aunt Almira Augusta Woodbury of Cambridge County and State aforesaid." And there she stops. She apparently thinks she has done all she set out to do. What did she set out to do? Was it her intent simply to provide for her aunt, then seventy-two years of age, so far as the property should be needed for that purpose, or was it her intent to give all she had to Mr. Hayden subject only to the needs of her aunt? The question although narrow is close and difficult. Without reciting the considerations urged by the respective counsel it is sufficient to say that the arguments appear very evenly balanced, and whichever direction is taken the path is not entirely smooth.

It is plain that while she wanted to have her property used so far as necessary for the support and maintenance of her aunt, she was not willing to let her aunt have the control of it, but desired that it should be in the hands of a trustee. The aunt's comfort was the one thing to which all else should be subordinate, but she was not to have control. There was occasion therefore for

the appointment of some one to take care of the property and to pay it out as occasion required for the aunt's necessities, and the testatrix knew all this. She thought of Hayden as a proper man to do this and she appointed him at least for that purpose. Did she mean anything more? She knew that Hayden held a responsible official position and she was familiar with his business methods and he with hers. There were excellent reasons why she should trust him to manage the property, but no reason appears why she should make him her residuary legatee. He was a stranger in blood; she does not appear to have been assisted by him at any time, and there are no ties, either of affection or otherwise, suggested, except those naturally arising out of the relation of employer and employee continued for years. We do not regard the fact that there was a period between the words of gift to Hayden and the clause in favor of the aunt as of very much significance. It is plain that the clause relating to the aunt is elliptical and cannot be understood except by reference to the preceding sentence. And we think that they should be read in substance as one sentence.

Upon the whole, we think that the will, read in the light of all the circumstances, indicates that the sole purpose of the testatrix in placing the residue in the hands of Hayden was that as trustee he should see to it that so far as necessary it should be used for the support and maintenance of her aunt, and that she did not intend that he should have any personal interest in it. The trust having ended, whatever remains of the trust fund should be disposed of as intestate property. For a discussion of some aspects of the law on this general subject see *Buffinton* v. *Maxam,* 140 Mass. 557; *Buffinton* v. *Maxam,* 152 Mass. 477; *McElroy* v. *McElroy,* 113 Mass. 509.

*Decree of the Probate Court affirmed.*