DANIEL J. CAVAN, trustee, *vs.* CHESTER T. WOODBURY, administrator with the will annexed, & others.

Essex.    October 17, 1921. — November 23, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Trust,* Construction.  *Devise and Legacy,* Intestacy.  *Probate Court,* Bill for instructions.

A will of a woman contained two paragraphs, the first providing that one half of her entire estate should be given to her husband, and the second paragraph providing that the other half should be placed in trust "to use the income thereof and whatever part of the principal may be necessary for the comfortable support and maintenance of" her son "in the manner in which he is accustomed to live."  There was no residuary clause.  *Held,* that upon the death of the son, testate, the principal of the fund should not be paid to the executor of the will of the son, but should be distributed as intestate property of the mother.

Before the hearing in the Probate Court of a bill for instructions, where it appears that an order of the court as to notice has been complied with, an interlocutory decree should be entered that the bill be taken *pro confesso* as against all defendants who have not appeared and filed answers.

BILL IN EQUITY, filed in the Probate Court for the county of Essex on April 21, 1920, by the trustee under the will of Angie N. Tilton, late of Haverhill, for instructions.

The will of Angie N. Tilton contained two paragraphs, other than provisions as to the payment of debts and funeral expenses and the nomination of the husband of the testatrix as executor, the first giving to the husband of the testatrix one half of her "entire estate, both real and personal," and the second placing the other half in trust "for the following uses and purpose, viz: to use the income thereof and whatever part of the principal may be necessary for the comfortable support and maintenance of my son Andrew J. Tilton in the manner in which he is accustomed to live."

The bill was heard by *Dow,* J., by whose order a decree was entered directing that, "Andrew J. Tilton having died, testate,

the trust created under said second clause of the will has terminated, and upon the settlement of his account, the petitioner should pay the balance of the trust property in his hands to the executor of the will of said Andrew J. Tilton." The husband of the testatrix appealed.

*J. J. Ronan,* for the husband of the testatrix.

*P. J. McSweeney,* for the trustee.

CARROLL, J. Angie N. Tilton, who died on October 20, 1915, in the second clause of her will gave to her husband " the other one-half of my entire estate . . . but in trust nevertheless for the following uses and purposes, viz: to use the income thereof and whatever part of the principal may be necessary for the comfortable support and maintenance of my son Andrew J. Tilton in the manner in which he is accustomed to live." Andrew J. Tilton died on September 11, 1918. The will contained no residuary clause. The plaintiff is the trustee under the will of Angie N. Tilton and he prays in this bill in equity for instructions that the court may determine the persons entitled to the trust estate created by the second clause of the will. In the Probate Court a decree was entered that Andrew J. Tilton was the sole equitable owner of the fund given in trust under the second clause of the will of his mother; that he having died, the trust was terminated, and the plaintiff was directed upon the settlement of his account, to pay the balance of the trust property in his hands to the executor of the will of Andrew J. Tilton. From this decree George O. Tilton, the husband of the testatrix, appealed. He contends that Andrew J. Tilton had merely an equitable life interest in the trust estate, and upon his death, in the absence of a residuary clause in the will, the trust fund passes as intestate property.

The testatrix gave one half of her estate to her husband absolutely. The remaining one half was given in trust for the maintenance of her son. The income and whatever part of the principal became necessary, was to be used for his " comfortable support . . . in the manner in which he is accustomed to live." Her purpose in creating the trust was to provide for her son's support and maintenance, and although the income and whatever part of the principal was necessary might be used for this purpose, she did not give him an absolute estate in one half of the property, but an equitable interest for life only.

In *Keating* v. *Smith*, 5 Cush. 232, the residue of the estate was given in trust, to pay the income to the daughter of the testatrix. It was held that her beneficial and equitable interest was in the income only, and that she took an equitable estate for life. Where the residue of an estate was given in trust, "The same to be used as far as necessary for the support and maintenance" of the testatrix's aunt, it was decided that on the death of the aunt the trust terminated and what remained of the fund was to be disposed of as intestate property. *Woodbury* v. *Hayden,* 211 Mass. 202. In *Buffington* v. *Maxam,* 152 Mass. 477, the testator gave the rest and residue of the estate, except certain legacies, to one daughter, "for the support of my daughter Caroline E." In an opinion of this court by Knowlton, J., it was held that the legacy given to Caroline E. in trust on her death went to the testator's representatives. See also *Loomis* v. *Gorham,* 186 Mass. 444; *Stearns* v. *Stearns,* 192 Mass. 144; *Walton* v. *Draper,* 206 Mass. 20. Although the trustee had the right to expend whatever part of the principal was required, the testatrix did not intend, by this provision of her will, to do more than fully provide for her son's support. She did not give him control of the fund. The legal interest was in the trustee and nothing more than an equitable life interest in one half of her estate was given her son. See *Woodbury* v. *Hayden, supra,* and cases cited.

The case at bar is to be distinguished from those cases where there is a gift in terms direct to the beneficiary and an additional provision creating a trust. See *Hayward* v. *Rowe,* 190 Mass. 1, and cases cited. In *Powers* v. *Rafferty,* 184 Mass. 85, the gift in trust to the daughter Adelaide was for her use and benefit, and although she had no power of disposal by deed or otherwise, she was to "have the full benefit of said undivided half," and it was held that Adelaide took an equitable fee. But in that case the intention of the testator, as shown by other parts of the will, was to treat the trustee and beneficiary equally; the beneficiary was to have the full benefit of the trust estate, and the only reason for putting it in trust instead of giving Adelaide the legal estate, was so that she might not have the power to convey the legal estate in her lifetime. The will of Mrs. Tilton did not in terms give to her son the full benefit of one half of her property. The gift was limited to his support and maintenance. It does not

appear what her reasons were for placing the property in trust, and there is nothing to show from the will that the testatrix intended to treat her husband and son equally. These circumstances distinguish the case at bar from *Powers* v. *Rafferty.* The cases of *Fay* v. *Phipps,* 10 Met. 341, *Holden* v. *Blaney,* 119 Mass. 421, *Chauncey* v. *Francis,* 181 Mass. 513, cited by the plaintiff, also are to be distinguished from the case before us.

While the law does not favor partial intestacy "Unless there is to be found in the will not only a manifestation of the testator's intention that this fund should be disposed of by the will, but also a clear and certain designation of the persons to whom it is to be paid, it·must go as undevised property to his heirs at law." *Sawyer* v. *Bourke,* 209 Mass. 481, 486. There is no residuary clause in the testatrix's will, it contains no provision for the disposition of the fund on the termination of the trust, and it must be distributed as intestate property. *Worcester Trust Co.* v. *Turner,* 210 Mass. 115, 121.

No answer was filed by any of the defendants and some of them failed to appear. A motion was filed by the plaintiff that the bill be taken as confessed against the defendants, but it does not appear that any decree was entered on this motion. If the defendants failed to enter an appearance, or failed to answer, a decree should have been entered taking the bill *pro confesso* against them. This is the settled practice and it should have been followed in the case at bar. Equity Rule 8. Probate Court Equity Rule 5. *Smith* v. *American Missionary Society, ante,* 26.

From the record in this case we must assume that the property in question was personal.

It follows that the decree of the Probate Court must be reversed, and a decree entered, that on the settlement of the account of the trustee, the remainder of the trust fund is to be paid to the administrator with the will annexed of said Angie N. Tilton.

*Ordered accordingly.*