JAMES F. SMALL, trustee, *vs.* WILLIAM A. BELLAMY,
administrator with the will annexed.

Barnstable.    March 19, 1924. — May 22, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Trust,* Construction of instrument creating trust.    *Devise and Legacy,*
Estate for life.

The will of a woman, who died leaving surviving her two brothers and a
sister, provided that a certain sum should be held by one brother in
trust for the other brother, " the income to be paid over to him an-
nually and if necessary such part of the principal as my said trustee
may desire for his comfortable support and maintenance."    There
was a residuary clause giving all the rest, residue and remainder of
the property of the testatrix to her two brothers and sister.    The
brother for whose benefit the trust was created died, leaving surviving
him two daughters, his brother, and a daughter of his sister.    On a
petition by the trustee for instructions, it was *held,* that the deceased
brother had only a life estate in the trust and that the unexpended bal-
ance thereof should be divided equally among the surviving brother
of the testatrix and personal representatives of the brother and of the
sister who had deceased.

PETITION, filed in the Probate Court for the county of
Bristol on November 5, 1923, by the trustee under the will
of Patience E. Snow for instructions as to what disposition
should be made of the balance of a trust estate in his hands
on the death of Everett P. Small.

The fifth clause of the will of the plaintiff's testatrix was
as follows: " To my said brother James F. Small the sum of
Four thousand dollars, the same to be held by him in trust
for my said brother, Everett P. Small the income to be paid
over to him annually and if necessary such part of the
principal as my said trustee may desire for his comfortable
support and maintenance."

There was an agreed statement of facts.    From such
agreement and the pleadings, it appeared that the testatrix
was survived by her brother James F. Small, who was ap-
pointed trustee under her will and is the petitioner, by her
brother Everett P. Small, and by her sister Rhoda T. Weeks;

that the brother Everett and the sister Rhoda had died; that an administrator with the will annexed had been appointed of the estate of Everett and an executor of the will of Rhoda T. Weeks had been appointed; that Everett left two daughters as his heirs at law; that the only living heirs at law of the testatrix Patience E. Snow at the time of the death of Everett were her brother James and three nieces; that the thirty-eighth clause of the will read as follows: " All the rest, residue and remainder of my property of every name and description, I give, devise and bequeath to my sister and two brothers to be divided equally among them."

The petition was heard by *Hopkins,* J., by whose order there was entered a decree directing that Everett P. Small took a life interest only in the trust fund under clause five of the will; that the trust was terminated by his death; and that one third of the balance remaining unexpended should be distributed to the surviving brother of the testatrix, one third to the executor of the will of her sister, and one third to the administrator of the estate of Everett P. Small. The administrator of the estate of Everett P. Small appealed.

The case was submitted on briefs.

*J. H. Paine,* for the petitioner.

*F. E. Knowles & W. A. Bellamy,* for the respondent.

WAIT, J. The interpretation of the fifth clause in the will of Patience E. Snow is settled by the recent decision in *Cavan* v. *Woodbury,* 240 Mass. 125. In that case, after ample discussion of the authorities, language in substance the same as that used in the will before us was held to create an equitable estate for life. The administrator with the will annexed of the *cestui que trust,* in claiming an equitable fee, has relied chiefly upon *Chauncey* v. *Francis,* 181 Mass. 513. It is to be noted that in *Chauncey* v. *Francis,* there were other gifts of equitable life estates with provisions for the remainders, and, the court says, " there is no reason why she should not have used similar language for the disposition of the remainder of the trust fund created in the clause in question if she had intended that the interest in the whole of the fund should not pass to her nephew."

In the will before us there is no such indication of the

purpose of the testatrix. The fact that, in the will of Patience E. Snow, there is a residuary clause, while there was none in the will interpreted by *Cavan* v. *Woodbury*, does not require a different result.

The decision of the judge of the Probate Court was correct. The will created an equitable life estate; and the petitioner should now distribute the fund as directed in the decree.

*Decree affirmed.*