NEW ENGLAND TRUST COMPANY, trustee, *vs.* ALICE LUND KIRBY SCHEFFEY & others.

Bristol. November 7, 1928. — January 4, 1929.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy*, What estate. *Trust*, Construction of instrument creating trust.

A testator by his will gave to trustees "for my grand daughters Emma . . . and Mary . . ." $11,000, "that is, to said Emma ten thousand dollars and to said Mary . . . One thousand dollars . . . the income

to be applied for their support and in case they or either of them die and leave no issue their share shall be equally divided between my grand children then living but the Principal shall be paid over to said Emma and Mary . . . as they become twenty one years of age." Emma was the daughter of one son of the testator who had died, and Mary of another. When the will was made, there were living other grandchildren and three children of the testator. To the three children he gave anything that should "remain of my Estate after paying out the above Legacies." No other grandchildren were named in the will. Mary died, and thereafter the testator made a codicil confirming the will "except that part in which I gave to . . . Trustees for Emma . . . and Mary . . . Eleven thousand dollars to be paid to them as they become twenty one years of age which I now Revoke" and he constituted a trust of $10,000 for Emma, the income, and a portion of the principal if the trustees deemed proper, to be used for her support, and, if she "at her decease shall leave no issue then the balance if any shall be equally divided between my grand children as also the sum of one thousand dollars which I in my said will gave to Mary . . . now deceased shall be equally divided between said Grand children . . . ." A later codicil gave gifts to other grandchildren. Emma died leaving issue. The principal of the trust fund was intact. Upon petition for instructions, the judge of probate ordered the fund paid to the executor of the will of Emma. *Held,* that

(1) It was the testator's intent that Emma in her lifetime should take the entire beneficial interest in the fund;

(2) That purpose was not contradicted by the use of the word "revoke" in the codicil;

(3) Since Emma did not die without issue, the contingency named in the codicil did not arise, and the fund properly was ordered paid to the executor of her will.

PETITION, filed in the Probate Court for the county of Bristol on October 5, 1927, by the trustee under the first codicil of the will of Jonathan P. Lund, late of New Bedford, for instructions, whether it was the duty of the petitioner at once to transfer and pay over the principal of the trust fund created under that codicil for the benefit of the testator's daughter, Emma G. Lund, afterwards Emma G. Kirby, during her lifetime, to Alice Lund Kirby Scheffey, daughter and only issue of Emma G. Kirby; or to transfer and pay over such principal in equal shares to the residuary legatees under the will, namely, the testator's son, Parkman M. Lund, and his daughters, Rebecca Taber and Eliza Carter, or to the legal representative or representatives of their respective estates.

The petition was heard in the Probate Court by *Hitch,* J. Material facts are stated in the opinion.  By his order, a decree was entered instructing the petitioner "to transfer and pay over the principal of said trust fund to Frank E. Kirby and Frank L. Scheffey, as they are executors of the will of Emma G. Lund Kirby, formerly Emma G. Lund." The administrator of the estate of Rebecca H. Taber and of Eliza N. Carter, respectively, appealed.

The case was submitted on briefs.

*T. Eaton & A. W. Blakemore,* for the administrators of the estates of Rebecca H. Taber and of Eliza N. Carter.

*F. King,* for Alice Lund Kirby Scheffey.

*W. I. Morse,* for Frank E. Kirby and another, executors.

WAIT, J.    The law applicable to this case is stated in *Temple* v. *Russell,* 251 Mass. 231, and *Crowell* v. *Chapman,* 257 Mass. 492, 495.    The intent of the testator is to be given effect; but an intent is not to be called into being where none existed.    Some of the words of a will are not to be permitted to contravene an intent fairly deduced from a study of the whole will in the light of the circumstances in which it was executed.

The testator by his will, executed in 1872, gave to trustees "for my grand daughters Emma G. Lund and Mary E Lund Eleven thousand dollars that is, to said Emma ten thousand dollars and to said Mary E One thousand dollars to be invested in some safe funds, the income to be applied for their support and in case they or either of them die and leave no issue their share shall be equally divided between my grand children then living but the Principal shall be paid over to said Emma and Mary E as they become twenty one years of age."    Emma G. Lund was daughter of a deceased son, Jonathan P. Lund, Jr.    Mary E. Lund was the daughter of another deceased son, Edward P. Lund.    Both were minors. No other grandchildren are mentioned in the will, although children of the testator's son Parkman and his daughter Rebecca were then living.    Except for provision for his widow and one small gift, the legacies and devises of the will were to his children then living — Parkman, Rebecca and Eliza — who were also given anything that should "remain of my

Estate after paying out the above Legacies." The intent of the will is beyond doubt to give the beneficial interest in the $10,000 to Emma and in the $1,000 to Mary in fee, since those principal sums were to be paid over to them when they reached majority.

Mary died before December 11, 1873. On that date the testator made a codicil confirming the will "except that part in which I gave to Parkman M Lund and James H Carter as Trustees for Emma G Lund and Mary E Lund Eleven thousand dollars to be paid to them as they become twenty one years of age which I now Revoke. And now I give to said Parkman M Lund and James H. Carter ten Thousand dollars as Trustees for the aforesaid Emma G. Lund one of My grand children the income of which shall be applied for her support and if the said Trustees at any time shall deem the income insufficient for her support then they may use so much of the principal as they may deem proper for that purpose and if the said Emma G at her decease shall leave no issue then the balance if any shall be equally divided between my grand children as also the sum of one thousand dollars which I in my said will gave to Mary E Lund now deceased shall be equally divided between said Grand children . . . ."

By another codicil, executed in 1874, the testator gave each of his granddaughters, children of Rebecca, one thousand dollars and his grandson, child of Parkman, a wood lot and six hundred dollars; but made no other change in his testamentary dispositions.

The first codicil thus provides for the lifetime of Emma G. Lund and for the event of her death without issue; but it fails to state in words what is to be done in the event of her death leaving issue. She became Emma G. Lund Kirby and died in 1927 leaving issue. The trustees have never made any payments from the fund in her lifetime. They ask instructions to whom to make payment of the principal.

It is contended, by representatives of Parkman, Rebecca and Eliza, who predeceased Mrs. Kirby, that she had merely a beneficial estate for life in the fund, which now should pass to them under the residuary clause of the will; by Alice Lund

Kirby Scheffey, that she had a beneficial fee in the fund with possession postponed during her lifetime, so that the fund should pass to her estate or to her child and heir; and by a conservator for Willie Lund, son of Parkman, that she had a beneficial life estate with remainder to the grandchildren of the testator, among whom it should now be distributed. The judge of probate entered a decree ordering payment to be made to the executors of the will of Mrs. Kirby.  The representatives of the residuary legatees, other than Parkman, appeal.

In applying the principles stated and deciding that Emma G. Lund took the entire beneficial interest in the fund, the judge was right.  In the cases of *Cavan* v. *Woodbury*, 240 Mass. 125, and those cited therein in support of the decision, and in *Small* v. *Bellamy*, 249 Mass. 244; *Megathlin* v. *Stearns*, 242 Mass. 326; *Shea* v. *Maitland*, 237 Mass. 221; *Bailey* v. *Bailey*, 236 Mass. 244; *Springfield Safe Deposit and Trust Co.* v. *Dwelly*, 219 Mass. 65, there is no such language as that found in this will as originally drawn to indicate a clear purpose to give a fee to Emma G. Lund.  We do not think that purpose is contradicted by the use of the word "revoke" in the codicil.  The intent of the testator to give more than a life interest to this representative of the deceased son is further indicated by the remainder in the event of her death without issue to the other grandchildren and not to their parents.  It is improbable that the testator would intend to give to his living children, if Emma died leaving issue, when he gave to his remaining grandchildren if she died without issue.

The case falls within the decisions in *Fay* v. *Phipps*, 10 Met. 341; *Holden* v. *Blaney*, 119 Mass. 421; *Chauncey* v. *Salisbury*, 181 Mass. 516; and *Hall* v. *Beebe*, 223 Mass. 306. The order must be

*Decree affirmed.*