OLD COLONY TRUST. COMPANY, trustee, *vs.* EFFIE B. SHACKFORD & others.

Suffolk.    April 2, 3, 1935. — June 27, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,* Intestacy. *Executor and Administrator,* Distribution.

By a carefully drawn will, the testator created a trust fund for the benefit for life of a great-granddaughter, with remainder interest to her issue. In another clause there was a gift over of the remainder interest in case of her death without issue. The latter clause and the residuary clause were revoked by a codicil also carefully drawn. The great-granddaughter died without issue. On a petition by the trustee for distribution, it was *held* that the great-granddaughter took a life interest only and that the remainder interest passed by intestacy to the testator's next of kin; and that, as twenty years had elapsed since the testator's death and the estate had been fully administered, the trustee was properly ordered to distribute the fund directly among the testator's next of kin instead of to his personal representative.

PETITION for distribution, filed in the Probate Court for the county of Suffolk on August 20, 1934.

A decree entered by order of *Prest*, J., is described in the opinion. Certain respondents appealed.

*H. W. Ogden*, for Effie B. Shackford and others.

*A. E. Yont*, (*J. F. Doyle* with him,) for George A. Shackford and others.

QUA, J.   The petitioner has in its hands as trustee under the seventh paragraph of the will of Rutha E. Shackford a substantial fund, for the distribution of which it has obtained a decree of the Probate Court.   G. L. (Ter. Ed.) c. 203, § 25.

As no facts are reported, there is nothing to show that the decree is wrong.   However, all parties state in their briefs, either expressly or by necessary inference, that the persons named as distributees in the decree are the heirs at law of the testatrix and the administratrix of a deceased heir, and that the appellants are the administrator of the estate of Lila M. Shackford and her heirs at law, that the testatrix died June 13, 1914, that said Lila M. Shackford died July 8, 1934, without leaving issue, that the will and codicils are the work of careful and experienced Massachusetts counsel, that they "speak for themselves and, in interpretation, require no allowance for ignorance or carelessness of the scrivener."   The case has been argued upon the assumption that these are the facts.   As we are satisfied that the decree must be affirmed in any event, there is no reason why we should not make the same assumption, and deal with the case as the parties have presented it.

The seventh paragraph of the will reads as follows:  "I give to the said Old Colony Trust Company the sum of twenty-five thousand dollars in trust to pay over to my great-granddaughter, Lila M. Shackford, or to apply towards her maintenance and education during her lifetime such part of the income or principal of the fund as it may deem proper and at her death to pay over so much of the same as shall remain unexpended to her issue then living by right of representation."

The sixth paragraph gives to the Old Colony Trust Company the sum of $10,000 in trust for the benefit of George Crosby Shackford, a great-grandson of the testatrix, in language similar to that used in the seventh paragraph,

except that the unexpended principal is to be paid over to him when he shall attain the age of twenty-five, and if he shall die before attaining that age, the same is to be paid to his issue then living by right of representation.

The ninth paragraph provides that in the event of the death of George Crosby Shackford before attaining the age of twenty-five leaving no issue living at his death, or of Lila M. Shackford leaving no issue living at her death, the entire unexpended income and principal of the fund given in trust for the person so dying shall be paid over alternatively to persons named, if living, or if dead to their issue then living, and failing such issue, to the living issue of the testatrix by right of representation.

The eleventh paragraph gives all the rest and residue of the testatrix's property to her son George A. Shackford and her grandson Alonzo C. Shackford, or if either of them shall die before the testatrix, to his surviving issue.

By the second codicil the testatrix revoked the ninth and eleventh paragraphs of the will.

Under the seventh paragraph, as the will was originally drawn and before the making of the second codicil, it seems plain that Lila M. Shackford took only an equitable life estate. Payments are to be made to her or in her behalf "during her lifetime." After her death there are gifts over in clear language of so much as shall remain unexpended, first to her issue then living by right of representation, and in default of living issue, to the persons named in paragraph 9. The revocation of paragraph 9 by the second codicil did not enlarge the life estate given by paragraph 7 into a fee. If that had been the intention of the testatrix, she would have gone about it in some other way. Paragraph 7 still required the trustee to pay to or for her "during her lifetime," and although the gifts over created by paragraph 9 were wiped out, the limitation in the seventh paragraph itself upon the death of Lila M. Shackford to "her issue then living by right of representation" remained.

We think the clear cut revocation in the same codicil both of the gifts over of the trust funds under paragraph 9 and of the general residuary clause as well indicates the

settled determination of the testatrix to leave to intestate succession both the residue of her estate and the equitable remainder of the trust funds, if any should be left undisposed of after the full operation of paragraphs 6 and 7. This is the natural and proper legal effect of the language used. We can accept it in this case without misgivings, because the will and codicil are the work of careful and experienced counsel, "speak for themselves" and "require no allowance for ignorance or carelessness of the scrivener."

We have carefully considered all the arguments urged by the appellants and the cases cited in their support. In some cases and in dealing with wills loosely drawn or of doubtful meaning, some of them might weigh heavily, but they cannot prevail against the clear language of the instruments here before us. The trust for the benefit of George Crosby Shackford under the sixth paragraph differs so much in purpose and in expression from the trust for the benefit of Lila M. Shackford under the seventh paragraph that notwithstanding the similarity of some of the wording, no valid conclusion can be drawn that because if George Crosby Shackford lived to the age of twenty-five, he would be entitled to receive the entire fund created by the sixth paragraph, Lila M. Shackford must have taken an equitable fee in the fund created by the seventh paragraph. Cases like *Fay* v. *Phipps*, 10 Met. 341, *Holden* v. *Blaney*, 119 Mass. 421, *Powers* v. *Rafferty*, 184 Mass. 85, *Hayward* v. *Rowe*, 190 Mass. 1, where there was never any gift over, are distinguishable. This is not a case where the testator first gives a fee simple and then attempts to cut it down by engrafting limitations upon it. *Damrell* v. *Hartt*, 137 Mass. 218. *Kelley* v. *Meins*, 135 Mass. 231. *Dallinger* v. *Merrill*, 224 Mass. 534, 539. The cases of *Hall* v. *Beebe*, 223 Mass. 306, and *New England Trust Co.* v. *Scheffey*, 265 Mass. 515, are distinguishable, among other reasons, on the ground that in those cases there were no apt words indicating an intent to limit the first taker to a life interest. It would be unprofitable to discuss in detail the many other cases cited.

G. L. (Ter. Ed.) c. 191, § 18, by its terms applies only to devises of real estate. *King* v. *Walsh*, 250 Mass. 462. Even if it should be deemed to have some persuasive force by way of analogy where the gift consists of personal property, it is at most a rule of construction which does not prevail where a contrary intent is clear. *Fay* v. *Fay*, 1 Cush. 93. *Myrick* v. *Stowe*, 240 Mass. 14, 16.

The construction of a will is to be ascertained by careful consideration of the entire document in the light of the circumstances under which it was written. For that reason too much weight must not be given to cases involving the construction of other wills different in their content and made under different circumstances. Nevertheless attention is called to *Cavan* v. *Woodbury*, 240 Mass. 125, wherein some of the cases cited by the appellants are discussed and further distinguished.

The testatrix died over twenty years before the filing of the present petition. There is nothing to show that her estate was not then promptly and fully administered, and the fund in question paid over by the executors to the trustee. There was no error in ordering the fund distributed directly to heirs of the testatrix and to the administratrix of a deceased heir, instead of through representatives of the testatrix. *Minot* v. *Purrington*, 190 Mass. 336, 342. *Boston Safe Deposit & Trust Co.* v. *Stratton*, 259 Mass. 465, 472-473. This case is distinguishable in this respect from *Old Colony Trust Co.* v. *Clarke, ante*, 17, 23, where the fund was not intestate property of the original decedent, but was part of the estate of a recently deceased heir.

*Decree affirmed.*